**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ENERIK AVXHIU, | CIVIL ACTION NO. |
| Plaintiff | 3:23-CV-01015 |
| v. | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | |
| Defendant. | JULY 28, 2023 |

<u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that Defendant Selective Insurance Company of South Carolina ("Selective"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, hereby removes this matter from the Superior Court of the State of Connecticut to the United States District Court for the District of Connecticut based upon diversity jurisdiction, and states the following:

**I.    Plaintiff's Complaint and Procedural History**

1.    By Complaint dated June 27, 2023, Plaintiff Enerik Avxhiu ("Plaintiff") commenced an action in the Superior Court of Connecticut in the Judicial District of Waterbury, captioned as *Enerik Avxhiu v. Selective Insurance Company of South Carolina,* Docket No. UWY-CV23-6071798-S (the "State Court action").  A copy of the State Court docket is attached hereto as <u>Exhibit A</u>.

2.    In the Complaint, Plaintiff alleges that he was an insured under an insurance policy issued by Selective, number S1763244, which includes coverage for underinsured motorist benefits in the amount of $1 million (the "Selective Policy"). Plaintiff further alleges that he sustained injuries while operating his motor vehicle in Waterbury, Connecticut when a

third-party tortfeasor's motor vehicle collided with his own (the "Accident"). Plaintiff alleges

that the tortfeasor's motor vehicle liability insurance policy did not provide adequate coverage to

compensate Plaintiff fully for his injuries. Accordingly, Plaintiff alleges that he is entitled to

underinsured motorist coverage under the Selective Policy.

3.      Plaintiff alleges claims against Selective for breach of contract for underinsured

motorist coverage under the Selective Policy and breach of the covenant of good faith and fair

dealing. Plaintiff alleges that the injuries he sustained in the Accident are the legal responsibility

of Selective and that Selective breached its duty of good faith and fair dealing by failing to pay

the underinsured motorist benefits owed to him under the Selective Policy.

4.      Selective was served with Plaintiff's Complaint on June 29, 2023. A true and

accurate copy of the Summons, Complaint, and Return of Service is attached hereto as <u>Exhibit B</u>.

Selective has not received any other pleading or orders in the State Court action. To Selective's

knowledge, with the exception of the filing of the Complaint, there have been no further

proceedings in State Court.

5.      Selective denies any and all liability for Plaintiff's claims in the Complaint, and

has valid defenses thereto. By removing this action, Selective does not waive any defenses

available to it and does not admit any of the allegations in the Complaint.

## II.   The Court Has Diversity Jurisdiction Over This Matter Because There Is Complete Diversity as Between the Plaintiff and Defendant and the Amount in Controversy Exceeds $75,000

6.      The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C.

§ 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.    The Amount-in-Controversy Requirement is Satisfied**

7.    "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Gibson v. Scap*, 960 F. Supp. 2d 373, 378 (D. Conn. 2013).

8.    Upon information and belief, the amount in controversy in this action exceeds $75,000, exclusive of costs and interests. In the Complaint, Plaintiff demands, among other things, monetary damages and costs. Plaintiff concedes that the amount in controversy is not less than $15,000.

9.    Upon information and belief, Plaintiff sustained numerous injuries from the Accident, including injuries to his head, cervical spine, and shoulders. Plaintiff further alleges that some of his injuries are permanent in nature, are likely to further degenerate, or will become arthritic over time. Upon information and belief, Plaintiff incurred expenses for medical care and attention as a result of the Accident, including x-rays, therapy, injections, MRIs, pharmaceuticals, and diagnostic tests. Plaintiff also claims damages for lost wages and alleges that his future earning capacity will be impaired. Further, Plaintiff asserts a breach of the covenant of good faith and fair dealing claim against Selective based on the alleged failure to pay him underinsured motorist benefits under the Selective Policy. Before filing of suit, the Plaintiff demanded that Selective pay well in excess of $75,000 to settle his claim. Selective denies any liability to the Plaintiff, but, based on the foregoing, it appears to a reasonable probability that if Plaintiff prevails on his claims, he can recover in excess of $75,000.

**B.    There Is Complete Diversity of Jurisdiction Between the Parties**

10.    Upon information and belief, Plaintiff is a citizen of Connecticut.

11.     Selective is now, and was at the time Plaintiff filed this lawsuit, an Indiana corporation with its principal place of business in Branchville, New Jersey. Therefore, Selective is a citizen of Indiana and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

12.     Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant, and Selective may remove this action from the Connecticut Superior Court to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1332.

**III.    Selective Has Satisfied the Procedural Requirements for Removal**

13.     This removal is timely. Selective files this notice within thirty days of June 29, 2023, the date that Plaintiff served the Summons and Complaint upon Selective. *See* 28 U.S.C. § 1446(b)(2)(B).

14.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Selective is attached. *See* Exhibit B.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Superior Court of Connecticut, Judicial District of Waterbury.

<u>**CONCLUSION**</u>

This civil action features complete diversity of citizenship between the plaintiff and defendant. Plaintiff Enerik Avxhiu is a citizen of Connecticut, while Selective is not. In addition, it appears to a reasonable probability that the amount in controversy exceeds the sum of $75,000. For these reasons, this case is subject to this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DEFENDANT,
SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA


By  */s/ Joseph K. Scully*
    Joseph K. Scully (ct26541)
    Catherine A. DeLanzo (ct31323)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103
    (860) 275-0100
    (860) 275-0343 (fax)
    jkscully@daypitney.com
    cdelanzo@daypitney.com
    Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above will immediately be delivered to all counsel of

record as follows:

Ron Etemi
Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Litigation@etemilaw.com

*/s/ Joseph K. Scully*
Joseph K. Scully

# EXHIBIT A



## State of Connecticut Judicial Branch
# Superior Court E-Filing



E-Services Home
-
E-Services Inbox (49)
-
**Superior Court E-Filing**
  **Civil/Family**
  **Housing**
  **Small Claims**
-
E-File a New Case
-
**E-File on an Existing Case**
  By Docket Number
  By Party Name
  List My Cases
-
**Court Events**
  By Date
  By Juris Number
  By Docket Number
-
**Short Calendars**
  Markings Entry
  Markings History
  My Short Calendars
  By Court Location
  Calendar Notices
-
My Shopping Cart (0)
My E-Filed Items
-
Legal Notices
-
Pending Foreclosure Sales
-
Search By Property Address

**We are experiencing issues completing credit card transactions for filers using Safari browsers. At this time, if you are an attorney or firm using Safari as your browser, please either use a different browser or pay by check. Self-represented parties should also use a browser other than Safari if possible or should file any cases or motions which require a fee on paper with the Court Clerk. Thank you for your patience.**

**Attorney/Firm:** DAY PITNEY LLP (014229)     **E-Mail:** CWATTS@DAYPITNEY.COM    Logout

UWY-CV23-6071798-S   **AVXHIU, ENERIK v. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA**

**Prefix:** W01    **Case Type:** C50   **File Date:** 07/10/2023   **Return Date:** 08/01/2023

| Case Detail | Notices | History | Exhibits | Scheduled Court Dates | Help Manual |
|---|---|---|---|---|---|

To receive an email when there is activity on this case, click here.

**Select Case Activity:** [E-File a Pleading or Motion ▼] [Go]

**Information updated as of:** 07/28/2023

| Case Information |
|---|
| **Case Type:** C50 - Contracts - Uninsured/Underinsured Motorist Coverage |
| **Court Location:** Waterbury JD |
| **List Type:** No List Type |
| **Trial List Claim:** |
| **Last Action Date:** 07/28/2023 (The "last action date" is the date the information was entered in the system) |

| Disposition Information |
|---|
| **Disposition Date:** |
| **Disposition:** |
| **Judge or Magistrate:** |

| Party & Appearance Information |
|---|

| Party | No Fee Party | Party Category | Party Type |
|---|---|---|---|
| **P-01  ENERIK AVXHIU** | | Plaintiff | Person |
|   **Attorney:** ETEMI LAW LLC (441608)  File Date: 07/10/2023<br>76 WESTBURY PARK ROAD<br>SUITE 210E<br>WATERTOWN, CT 06795 | | | |
| **D-01  SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA** | | Defendant | Firm or Corporation |
|   **Attorney:** DAY PITNEY LLP (014229) File Date: 07/28/2023<br>❗NEW  242 TRUMBULL STREET<br>HARTFORD, CT 06103 | | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🌐 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Motions / Pleadings / Documents / Case Status | | | | |
|---|---|---|---|---|
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| | 07/10/2023 | P | **SUMMONS** 📄 | |
| | 07/10/2023 | P | **COMPLAINT** 📄 | |
| | 07/28/2023 | D | **APPEARANCE** 📄 ❗NEW<br>Appearance | |
| 100.30 | 07/10/2023 | P | **RETURN OF SERVICE** 📄 | No |

| Scheduled Court Dates as of 07/27/2023 | | | | |
|---|---|---|---|---|
| UWY-CV23-6071798-S - AVXHIU, ENERIK v. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| No Events Scheduled | | | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made. This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2023, State of Connecticut Judicial Branch

# EXHIBIT B

## STATE OF CONNECTICUT
## OFFICE OF INSURANCE COMMISSIONER

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

June 29, 2023                                                                      11:34 am

_Insurance Commissioner_



## STATE OF CONNECTICUT
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

SELECTIVE INS CO OF S CAROLINA
CORPORATION SERVICE COMPANY
GOODWIN SQUARE
225 ASYLUM STREET, 20TH FLOOR
HARTFORD CT06103

P̶u̶r̶s̶u̶a̶n̶t̶ ̶t̶o̶ ̶t̶h̶e̶ statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.

**Respectfully yours,**

_Insurance Commissioner_

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 300 Grand Street, Waterbury, CT 06702 | ( 203 ) 591 – 3300 | 08/01/2023 |

| | | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| [x] Judicial District | G.A. | Waterbury | Major: **C** | Minor: **50** |
| [ ] Housing Session | [ ] Number: | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Etemi Law, LLC, 76 Westbury Park Road, Suite 210E, Watertown, CT 06795 | 441608 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 680 – 8080 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* Litigation@EtemiLaw.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Avxhiu, Enerik** <br> Address: 36 Smith Avenue, Waterbury, CT 06708 | P-01 |
| **Additional plaintiff** | Name: <br> Address: | P-02 |
| **First defendant** | Name: **Selective Insurance Company of South Carolina, 40 Wantage Avenue, Branchville, NJ 07890** <br> Address: c/o its Agent for Service: State of CT Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-01 |
| **Additional defendant** | Name: <br> Address: | D-02 |
| **Additional defendant** | Name: <br> Address: | D-03 |
| **Additional defendant** | Name: <br> Address: | D-04 |

| Total number of plaintiffs: 01 | Total number of defendants: 01 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 06/27/2023 | | [ ] _____ Clerk | **Ron Etemi, Esq.** |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. <br> c. The court staff is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date <br><br> A TRUE COPY ATTEST <br><br> KEITH D. NIZIANKIEWICZ <br> CONNECTICUT STATE MARSHAL <br> INDIFFERENT PERSON |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage |  |  |  |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 90 | All other |  | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | E 10 | Redevelopment Condemnation |  | T 12 | Defective Premises - Public - Other |
|  | E 20 | Other State or Municipal Agencies |  | T 20 | Products Liability - Other than Vehicular |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 28 | Malpractice - Medical |
|  | E 90 | All other |  | T 29 | Malpractice - Legal |
|  |  |  |  | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 40 | Assault and Battery |
|  | H 12 | Housing - Rent and/or Damages |  | T 50 | Defamation |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 61 | Animals - Dog |
|  | H 50 | Housing - Administrative Appeal |  | T 69 | Animals - Other |
|  | H 60 | Housing - Municipal Enforcement |  | T 70 | False Arrest |
|  | H 90 | Housing - All Other |  | T 71 | Fire Damage |
|  |  |  |  | T 90 | All other |
| Miscellaneous | M 00 | Injunction |  |  |  |
|  | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 20 | Mandamus |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 40 | Arbitration |  | V 09 | Motor Vehicle* - All other |
|  | M 50 | Declaratory Judgment |  | V 10 | Boats |
|  | M 63 | Bar Discipline |  | V 20 | Airplanes |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 30 | Railroads |
|  | M 68 | Bar Discipline - Inactive Status |  | V 40 | Snowmobiles |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 90 | All other |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  | *Motor Vehicles include cars, trucks, motorcycle, and motor scooters. |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  |  |
|  | M 84 | Foreign Protective Order | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  | W 90 | All other |
|  | M 90 | All other |  |  |  |

RETURN DATE: AUGUST 1, 2023        :    SUPERIOR COURT

ENERIK AVXHIU                      :    J.D. OF WATERBURY

V.                                 :    AT WATERBURY

SELECTIVE INSURANCE COMPANY OF     :    JUNE 27, 2023
SOUTH CAROLINA

<u>COMPLAINT</u>

**<u>FIRST COUNT</u>: UNDERINSURED MOTORIST (ENERIK AVXHIU V. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA)**

1.      On or about June 18, 2021, and at all times relevant hereto, the defendant, Selective Insurance Company of South Carolina, was and is an insurance company duly authorized by the State of Connecticut to issue automobile insurance policies.

2.      On said date and at said time, the plaintiff, Enerik Avxhiu, was an insured under the provisions of an insurance policy designated as Policy Number S 1763244 with the defendant, Selective Insurance Company of South Carolina, which policy included coverage for underinsured motorist benefits in the amount of $1,000,000 combined single limit per accident.

3.      At all times mentioned herein said policy was in full force and effect.

4.      As an insured under said policy, the plaintiff is entitled to underinsured motorist coverage under said policy issued by the defendant, Selective Insurance Company of South Carolina, as provided in §38a-336 of the Connecticut General Statutes.

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

5.      On or about June 18, 2021, at approximately 1:38 PM, the plaintiff, Enerik Avxhiu, was the operator of a motor vehicle, which was traveling in a generally northerly direction on South Main Street, a public highway in the City of Waterbury, State of Connecticut.

6.      On said date and at said time and place the tortfeasor, Muhammad Khan, was operating a motor vehicle in a generally southerly direction on South Main Street.

7.      On said date and at said time and place, the tortfeasor's motor vehicle collided with the plaintiff's motor vehicle, causing the plaintiff the injuries, damages, and losses as more particularly set forth hereinafter.

8.      The collision and the resulting injuries, damages, and losses sustained by the plaintiff were caused by the negligence and carelessness of the tortfeasor in one or more of the following ways:

      a.      IN THAT the tortfeasor was inattentive and failed to keep a reasonable and proper lookout;

      b.      IN THAT the tortfeasor failed to have his motor vehicle under proper and reasonable control;

      c.      IN THAT the tortfeasor operated his motor vehicle at a greater rate of speed than the circumstances then and there existing warranted and/or failed to reduce the speed of his motor vehicle although reasonable care so required;

      d.      IN THAT the tortfeasor operated his motor vehicle with defective or inadequate brakes or failed to apply the brakes in a timely manner;

      e.      IN THAT the tortfeasor failed to avoid a collision by stopping, swerving, turning or otherwise maneuvering the vehicle;

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

f.      IN THAT although it was practicable to do so, the tortfeasor failed to bring his motor vehicle to a stop or turn said motor vehicle to the left or to the right to avoid a collision;

g.      IN THAT the tortfeasor failed to make use of his senses and faculties;

h.      IN THAT the tortfeasor failed to take reasonable precautions to avoid a collision;

i.      IN THAT the tortfeasor failed to sound the horn or give any warning of his approach when reasonable care so required;

j.      IN THAT the tortfeasor operated the motor vehicle while distracted;

k.      IN THAT the tortfeasor was following another vehicle more closely than reasonable under the circumstances;

l.      IN THAT the tortfeasor was following the plaintiff's motor vehicle more closely than reasonable under the circumstances;

m.      IN THAT the tortfeasor was inattentive and failed to identify the motor vehicle in front of him slowing doing;

n.      IN THAT the tortfeasor was operating the motor vehicle while intoxicated;

o.      IN THAT the tortfeasor operated his motor vehicle on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a;

p.      IN THAT the tortfeasor was speeding in violation of C.G.S. §14-219; and/or,

q.      IN THAT the tortfeasor was following the vehicle more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240.

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

9.     As a result of the collision, the plaintiff sustained injuries of a severe and permanent nature and as a result of these injuries, the plaintiff has suffered and with reasonable certainty will continue to suffer pain and mental anguish.   Upon medical examination, it was determined that the plaintiff suffered injuries to her:

     a.    Head, including:

          i.   Post-traumatic headaches;

     b.    Cervical spine, including:

          i.   Disc protrusion at C6-C7;

          ii.   Disc bulge at C6-C7;

          iii.   Disc bulge at C5-C6;

          iv.   Disc protrusion at C4-C5;

          v.   Disc bulge at C4-5;

          vi.  Central spinal stenosis, effacing the subarachnoid space along the anterior surface of the cervical spinal cord at C4-C5, and encroachment of the right C5 nerve root;

          vii.  Disc bulge at C3-C4.

          viii. Radiculopathy; and,

          ix.  Pain, and impaired range of motion;

     c.    Shoulders, including shoulder pain, strain;

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

    d.    Lumbar spine, including lumbosacral sprain with associated sciatic radiculopathy;

    e.    Thoracic spine, including pain, and traumatic kyphotic angulation and loss of disc space at the T12-L1 disc level;

    f.    Upper extremities; and,

    g.    Lower extremities.

10.    From all of the injuries of the effects thereof, the plaintiff was rendered sore and disabled and is suffering, and will continue to suffer from pain, discomfort, emotional upset, limitation of motion and restriction of activity.

11.    The plaintiff's injuries, or some of them, will be permanent in nature and/or permanently disabling.

12.    The plaintiff's injuries, or some of them, are likely to further degenerate and/or worsen and/or become arthritic over the course of time.

13.    As a further result of the collision, the plaintiff was forced to incur expenses for medical care and attention, x-rays, therapy, injections, MRI, pharmaceuticals, diagnostic tests, etc. to the plaintiff's further loss and damage and it is reasonably probable that the plaintiff's injuries, or some of them, will require future medical treatment and expenditures.

14.    As a further result of the collision, the plaintiff has lost sums of money and wages, salaries and earnings, and it is reasonably probable that the plaintiff will lose wages from employment in the future and that the plaintiff's future earning capacity will be impaired.

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

15.     As a further result of the collision, the plaintiff's ability to pursue and enjoy life's activities has been reduced.

16.     The motor vehicle liability insurance policy providing coverage for the tortfeasor has been exhausted and is inadequate to fully compensate the plaintiff for the injuries, damages and losses sustained as a result of the collision.

17.     The injuries, damages and losses sustained by the plaintiff are the legal responsibility of the defendant, Selective Insurance Company of South Carolina, pursuant to the terms of its contract of insurance with the plaintiff and in accordance with §38a-336 of the Connecticut General Statutes.

**SECOND COUNT: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (ENERIK AVXHIU V. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA)**

1 – 17. Paragraphs 1 through 17 of the First Count are hereby incorporated by reference and made paragraphs 1 through 17 of this, the Second Count, as if fully set forth herein.

18.     There is implied in every contract, including the subject insurance contract, a covenant of good faith and fair dealing.

19.     The defendant, Selective Insurance Company of South Carolina, breached its duty of good faith and fair dealing by acting in bad faith and/or with sinister motive and/or

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

maliciously and/or with willful or reckless indifference to the rights of the plaintiff, in one or more of the following ways:

a)  IN THAT the defendant has refused to pay underinsured motorist benefits owed to the plaintiff under the contract with the intention of obstructing or injuring the plaintiff's rights to recover the same;

b)  IN THAT the defendant has refused to adequately pay underinsured motorist benefits owed to the plaintiff under the contract with the intention of obstructing or injuring the plaintiff's rights to recover the same;

c)  IN THAT the defendant purposely did not consider the plaintiff's future non-economic damages for the remainder of his life expectancy, as set forth in the Social Security Administration life tables, with the intention of obstructing or injuring the plaintiff's rights to recover under the contract, and to further pressure, force or leave the plaintiff no choice but to institute litigation;

d)  IN THAT the defendant has purposely delayed the provision of underinsured motorist benefits owed to the plaintiff under the contract, with the intention of obstructing and/or injuring the plaintiff's right to recover the same and/or to force her to institute litigation;

e)  IN THAT the defendant has purposely delayed the provision of adequate provision of contractual benefits owed to the plaintiff under the contract, with the intention of obstructing and/or injuring the plaintiff's right to recover the same and/or to force her to institute litigation;

f)  IN THAT although having had proof of the claim, including the plaintiff's damages, harms, and losses, the defendant has refused to offer the plaintiff sufficient benefits under the contract, with the intention of obstructing or injuring the plaintiff's rights under the contract;

g)  IN THAT the defendant purposely did not consider all of the plaintiff's medical records and bills, and/or noneconomic damages, in order to evaluate the claim, even though it could have done so, with the intention of obstructing or injuring the plaintiff's rights under the contract; and/or

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

   h) IN THAT the defendant purposely did not follow policy and procedure for effective claim evaluation, including failure to consider future medical treatment and other special damages, with the intention of obstructing or injuring the plaintiff's rights under the contract.

20.    As a result of the defendant's breach, the plaintiff has sustained damages in excess of the underinsured motorist policy limits.

21.    As a further result of the defendant's breach, the plaintiff has incurred and will incur in the future attorneys' fees and costs for the preparation and prosecution of legal proceedings.

WHEREFORE THE PLAINTIFF CLAIMS:

      A.    MONETARY DAMAGES;

      B.    PUNITIVE DAMAGES, INCLUDING ATTORNEYS' FEES AND COSTS AS TO THE SECOND COUNT; AND,

      C.    ANY OTHER RELIEF THAT THE COURT DEEMS JUST AND PROPER.

Dated in Watertown, Connecticut, this 27th day of June, 2023.

Ron Etemi
Etemi Law, LLC
Juris Number: 441608

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

Please enter the appearance of:

Etemi Law, LLC

Ron Etemi
Commissioner of the Superior Court

as attorneys for the plaintiff in the above matter.

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

| RETURN DATE: AUGUST 1, 2023 | : | SUPERIOR COURT |
|---|---|---|
| ENERIK AVXHIU | : | J.D. OF WATERBURY |
| V. | : | AT WATERBURY |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA | : | JUNE 27, 2023 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000.00, exclusive of interest and costs.

Ron Etemi
Etemi Law, LLC
Juris Number: 441608

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

Etemi Law, LLC
76 Westbury Park Road, Suite 210E
Watertown, CT 06795
Tel: (203) 680-8080
Fax: (203) 951-9030
www.EtemiLaw.com
Juris: 441608

STATE OF CONNECTICUT
INSURANCE DEPARTMENT
P.O. BOX 816
HARTFORD, CT 06142-0816



9214 8901 9403 8320 8687 19

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 06106
02 7W
0008027541 JUN 30 2023
$ 007.99⁰

SELECTIVE INS CO OF S CAROLINA
CORPORATION SERVICE COMPANY
GOODWIN SQUARE
225 ASYLUM STREET, 20TH FLOOR
HARTFORD CT 06103

STATE OF CONNECTICUT:

                    : ss: HARTFORD         JUNE 29, 2023

COUNTY OF HARTFORD  :

Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I made due and legal service upon the within named defendant **SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA**, by leaving two (2) verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND, with my doings thereon endorsed, with and in the hands of ASHLEY DELILLO, at the office of ANDREW MAIS, INSURANCE COMMISSIONER OF THE STATE OF CONNECTICUT, at least twelve (12) days before the session of the Court to which this writ is returnable. Said Insurance Commissioner is the duly authorized Agent to accept service for the within named defendant **SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,** in the said town of HARTFORD, County of Hartford.

The within is the original WRIT, SUMMONS, COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND, with my doings thereon endorsed.

ATTEST:

| | |
|---|---|
| Pd. Ins. Comm. | $ 50.00 |
| Verified pages | 24.00 |
| Endorsements | 3.50 |
| Service | 50.00 |
| Travel | 12.00 |
| | ----------- |
| Total | $139.50 |

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280867  •  EAST HARTFORD, CONNECTICUT 06128-0867  •  OFFICE: (860) 610-0295